UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAZONDRA L. ROBINSON, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:23-cv-00393-RDP |
| } | |
| UNITED STATES OF AMERICA, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

### I.   Introduction

This case is before the court on Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed March 27, 2023. (Doc. # 3). The Motion is fully briefed and ripe for review. (Docs. # 3, 10, 11). For the reasons below, the court concludes Defendant's motion is due to be granted, and this case is due to be dismissed.

### II.   Background

Plaintiff's allegations stem from a "Robotic Hysterectomy" that Plaintiff received on October 21, 2019. (Doc. # 1, p. 8). After Dr. Rowell Ashford[1] completed the procedure, he notified Plaintiff that she also needed gallbladder surgery, which he suggested being done by his colleague who was out of the country until February 6, 2020. (Doc. #1, p. 9). On February 1, 2020, Plaintiff was taken to UAB West after she passed out. (*Id.*). Plaintiff was then diagnosed with Sepsis, a damaged colon which occurred during her hysterectomy, and a ruptured gallbladder. (*Id.*). On May 27, 2021, as a result of the aftermath of her surgery, a "Patient Grievance Form" (the "Form") was

---

[1] The record evidence is not clear as to the doctor's name. In Plaintiff's filings, the doctor is identified as "Dr. Ashford Rowell." (Doc. 1, p. 8-11). However, Defendant and the Circuit Court docket sheet list the doctor as "Dr. Rowell Ashford." (Doc. 1, p. 1-3, 14). For clarity, this court refers to the doctor Defendant as "Dr. Rowell Ashford."

submitted by Michelle Rogers -- the Chief Experience Officer and patient advocate for Cahaba Medical Care -- on behalf of Plaintiff based on her experience with Dr. Ashford. (Doc. # 10).

In her Third Amended Complaint ("Complaint"), Plaintiff claims she was denied proper medical care by Dr. Ashford. (*Id.* at p. 10). Specifically, Plaintiff alleges that "the medical care provided by Dr. [Ashford] fell below the standard of care…by failing to recognize the need for care of the colon and other medical conditions." (*Id.*).[2]

At all times relevant to this case, Dr. Ashford was an employee of the Cahaba Medical Care Foundation. (Doc. # 1, p. 2). Under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233 ("FSHCAA"), Cahaba Medical Care Foundation is classified as an employee of the Public Health Service ("PHS") by the Secretary of Health and Human Services. (*Id.*). Accordingly, Dr. Ashford is also considered an employee of PHS, and any alleged acts or omissions of Dr. Ashford within the scope of his employment would implicate the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, 2671 *et seq*. (Doc. # 3, p. 9)

Defendant argues that pursuant to Federal Rule of Civil Procedure 12(b)(1) this court lacks subject matter jurisdiction over this case. (Docs. # 3, 11). Further, Defendant alternatively asserts that Plaintiff failed to exhaust administrative remedies as required by the FTCA for her medical negligence claim. (*Id.*). Finally, Defendant claims that there are no genuine issues of material fact in dispute, and it is entitled to judgment as a matter of law under Federal Rule of Civil Procedure 56.

---

[2] Though Plaintiff's medical malpractice claim is noted as "Count II," it is the only count included in the Complaint.

### III.     Legal Standards

A motion under Rule 12(b)(1) allows a party to assert a defense of lack of subject-matter jurisdiction. A Rule 12(b)(1) motion to dismiss should be granted "'only if it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim that would entitle plaintiff to relief.'" *Harris v. Bd. of Trustees Univ. of Ala.,*, 846 F. Supp. 2d 1223, 1232 (N.D. Ala. 2021) (quoting *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)). The burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction (*i.e.*, Plaintiff). *Id.* "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Southeast Bank, N.A. v. Gold Coast Graphics Grp. Partners*, 149 F.R.D. 681, 683 (S.D. Fla. 1993) (citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1991)); *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1978)).

A party may raise a facial or factual challenge to the complaint under Rule 12(b)(1). *McElmurray v. Consol. Govt. of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "Facial attacks on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [her] complaint are taken as true for the purposes of the motion." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)) (other citations omitted). On the other hand, "factual attacks" challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleading, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In other words, when a party raises a factual attack to subject matter jurisdiction, the court is not obligated to take the allegations in the complaint as true but may consider extrinsic evidence as well. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) (citations omitted).

Thus, when evaluating subject matter jurisdiction, a district court may dismiss a case on three bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *McElmurray*, 501 F.3d at 1251 (quoting *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)). If a Rule 12(b)(1) motion attacks the merits of a cause of action, a district court should review those attacks under the standards of a Rule 12(b)(6) motion to dismiss for failure to state a claim, or under the standards that apply to a Rule 56 motion for summary judgment. *See Garcia*, 104 F.3d at 1261 (quoting *Williamson*, 645 F.2d at 415-16). Accordingly, under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings,…together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**IV.    Analysis**

Defendant argues in its Motion to Dismiss that this court lacks subject matter jurisdiction because the Plaintiff failed to exhaust administrative remedies and file an administrative claim as required by the FTCA. (Doc. # 3). Because Defendant asserts a factual challenge to subject matter jurisdiction under Rule 12(b)(1), this court will consider supplemented undisputed facts in analyzing Defendant's motion. *See McElmurray*, 501 F.3d at 1251.

**A.    Plaintiff Has Not Exhausted the Necessary Administrative Remedies for Her Medical Negligence Claim.**

Plaintiff asserts a claim for medical negligence against Dr. Ashford as a result of her hysterectomy and subsequent injuries. (Doc. # 3, p. 8-11). Because Plaintiff's claims are against an employee of PHS, the question is whether the United States may be held liable under the FTCA. *See Maradiaga v. United States*, 679 F.3d 1286, 1290 (11th Cir. 2012) ("The employees of

4

federally supported health centers are considered employees of the Public Health Service for whose negligence the United States may be held liable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80").

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit" because sovereign immunity is jurisdictional in nature. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA provides such a waiver in limited circumstances relative to tort claims. *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013). This waiver allows the government to be sued for "torts committed by federal employees acting within the scope of their employment." *Id.* (citing 28 U.S.C. §§ 1346(b)(1), 2619(d)(1)). To fall within the statutory waiver of immunity for these torts, Congress has required that a plaintiff first satisfy certain administrative prerequisites under the FTCA. 28 U.S.C. §§ 1346, 2671-2680; *see* 28 U.S.C. § 2675; *see also Meyer*, 510 U.S. at 475-76; 28 U.S.C. § 1346(b). In this respect, the FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "This procedure is jurisdictional and cannot be waived." *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984). The notice must be provided in writing to the appropriate federal agency within two years after the claim accrues or it is forever barred. *Motta*, 717 F.3d at 843-44. "An appropriate federal agency is the actual federal agency responsible for handling the claim and not the government-funded entity or government employee who committed the alleged

tort." *Id.* at 843. If a plaintiff fails to exhaust administrative remedies with the proper agency, a district court lacks subject matter jurisdiction over a federal tort suit. *See Caldwell v. Klinker*, 646 F. App'x 842, 846-47 (11th Cir. 2016).

In her declaration, Michelle Torres, a Senior Attorney with the Department of Health and Human Services ("DHHS"), states that she is familiar with the official records of administrative tort claims within DHHS. (Doc. # 3, Exh. A). Further, Torres states that the Claims Office maintains a computerized database of administrative tort claims filed with DHHS, and a search of the database revealed that Plaintiff filed no tort claims with the agency. (*Id.*).

Plaintiff does not dispute Torres's declaration, nor does she contest Defendant's argument that Plaintiff failed to file a claim with the appropriate federal agency. In fact, Plaintiff states in her Amended Response to Defendant's Motion, "Plaintiff had no idea that the grievance form she had Ms. Rogers to submit would not constitute as [an] administrative claim against Cahaba Medical Center nor was she told that she needed to file an administrative claim by Ms. Rogers." (Doc. # 10, ¶ 6). But, Plaintiff's ignorance of the exhaustion requirement does not excuse her failure to comply with the administrative prerequisites of the FTCA. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Therefore, the court concludes that because Plaintiff has not exhausted her administrative remedies by filing the appropriate claim pursuant to the FTCA, this court lacks subject matter jurisdiction over this case.

**V.     Conclusion**

For these reasons, Defendant's Motion to Dismiss (Doc. # 3) is due to be granted. All claims in Plaintiff's Complaint are due to be dismissed without prejudice.

A separate order will be entered.

**DONE** and **ORDERED** this September 28, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE